UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

**Sensor Systems Support, Inc.**

    **v.**                                                           Civil No. 10-cv-262-PB
                                                                   Opinion No. 2011 DNH 141

**Federal Aviation Administration**


## MEMORANDUM AND ORDER

Sensor Systems Support, Inc. filed a complaint seeking to compel the Federal Aviation Administration ("FAA") to produce records in response to its request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The statutory provision on which Sensor Systems bases its claim for relief is 5 U.S.C. § 552(a)(6)(A)(ii), which requires agencies to act on appeals from initial FOIA decisions within 20 days. The FAA has filed a motion to dismiss or in the alternative for summary judgment.

Sensor Systems bases its complaint on the assumption that the court can compel the FAA to disclose all requested documents without redaction if the FAA violated its rights under 5 U.S.C. § 552(a)(6)(A)(ii). This assumption is incorrect.

The FOIA gives federal courts the power to decide claims that an agency has improperly withheld agency records. 5 U.S.C. § 552(a)(4)(B); <u>Kissinger v. Reporters Comm. for Freedom of the Press</u>, 445 U.S. 136, 150 (1980). It also authorizes a federal court to review an agency's failure to respond to a request for expedited review of an FOIA request. 5 U.S.C. § 552(a)(6)(E)(iii)-(iv); <u>Judicial Watch, Inc. v. U. S. Naval Observatory</u>, 160 F.Supp.2d 111, 112 (D.D.C. 2001). The FOIA does not similarly authorize a court to review an agency's failure to act on an appeal. Although such a failure to act gives rise to a presumption that the requester has exhausted administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i), it does not entitle the requester to injunctive relief without a determination that the records have been wrongfully withheld pursuant to § 552(a)(4)(B).

Sensor Systems has made a conclusory allegation in the complaint that "the FAA has wrongfully withheld agency records. . . ," but its complaint does not plead sufficient facts to support a claim for relief under § 552(a)(4)(B). Because the court lacks the power to grant the only claim that Sensor Systems has made, the FAA is entitled to summary judgment on the complaint in its current form. The court will delay entry of final judgment for 20 days to give Sensor Systems an opportunity

to file an amended complaint setting forth a claim for relief under § 552(a)(4)(B).

The FAA's motion to dismiss or in the alternative for summary judgment (Doc. No. 10) is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

September 16, 2011

cc:  G. Shepard Bingham, Esq.
     Matthew A. Caffrey, Esq.
     Michael T. McCormack, Esq.