UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Sensor Systems Support, Inc.**

   **v.**                                                     Case No. 10-cv-262-PB
                                                          Opinion No. 2012 DNH 083

**Federal Aviation Administration**


**MEMORANDUM AND ORDER**


In the latest round of motions in this case, the Federal Aviation Administration ("FAA") seeks summary judgment with respect to Sensor Systems' claim that the FAA wrongfully withheld from disclosure the remaining twenty-six pages of redacted correspondence responsive to Sensor Systems' request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Sensor Systems objects to the motion and seeks attorneys' fees.[1] For the reasons provided below, I grant in part and deny in part

---

[1] I note that Sensor Systems' counsel have blatantly disregarded my previous orders regarding motion practice.  They have again combined a request for attorneys' fees with an objection to the FAA's motion, in violation of Local Rule 7.1(a)(1).  I alerted counsel to the rule in my February 9, 2012 Order, see Doc. No. 29 at 1 n.1, and explicitly rejected Sensor Systems' request to consolidate its objection with an affirmative motion, see Doc. No. 31.

1

the FAA's motion and deny without prejudice Sensor Systems'
request.

### I. BACKGROUND[2]

In response to Sensor Systems' FOIA request, the FAA conducted a search and found a total of 467 responsive documents.  To date, the FAA has released 441 of those documents in full and the remaining 26 with partial redactions.  It did so in four rounds of production, three of which occurred after Sensor Systems filed this suit.  The latest production occurred approximately two weeks after my February 9, 2012 order granting in part and denying in part the FAA's motion for summary judgment.  At that time, the FAA released in full eleven previously redacted documents and released two other documents with fewer redactions.  The FAA continues to invoke FOIA Exemption 5 with respect to the remaining twenty-six redacted documents.

In my last Memorandum and Order, I ordered the FAA to either produce a supplemental Vaughn index and/or supporting affidavit to enable me to determine whether redactions in the

---

[2] A more detailed recitation of the facts of this case can be found in my order of February 9, 2012.  See Doc. No. 29.

remaining documents are exempt from disclosure, or to submit the documents for in camera review.  In response, the FAA has produced a detailed Vaughn index describing the contents of the redacted documents and the agency's justification for nondisclosure.  It has also submitted a supplemental declaration of Michael Hawthorne, the FAA Program Manager whose correspondence was the subject of Sensor Systems' FOIA request.  The FAA now moves for summary judgment with respect to the remaining twenty-six documents.  The agency claims the deliberative process privilege with respect to redactions in twenty-five of those documents and the attorney-client privilege as to redactions in one document.

## II.  STANDARDS OF REVIEW

### A.  Summary Judgment

Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The evidence submitted in support of the motion must be considered in the light most favorable to the nonmoving party,

drawing all reasonable inferences in its favor.  See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

A party seeking summary judgment must first identify the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted."  Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see Celotex, 477 U.S. at 323.

**B.   The FOIA Standard**

The FOIA requires government agencies to make their records available to the public upon request, unless at least one of several enumerated exemptions applies.  5 U.S.C. §§ 552(a)(3),(b).  An agency seeking to withhold materials requested under the FOIA has the burden of proving that those materials are exempt from disclosure.  Orion Research Inc. v. EPA, 615 F.2d 551, 553 (1st Cir. 1980) (citing 5 U.S.C. § 552(a)(4)(B)).  The court conducts a de novo review as to the validity of the asserted exemptions.  Church of Scientology

4

Int'l v. U.S. Dep't of Justice, 30 F.3d 224, 228 (1st Cir. 1994). Although the FOIA authorizes courts to conduct in camera review of challenged documents, "[t]he legislative history indicates that, before in camera inspection is ordered, an agency should be given the opportunity to demonstrate by affidavit or testimony that the documents are clearly exempt from disclosure, and that the court is expected to accord 'substantial weight' to the agency's affidavit." Bell v. United States, 563 F.2d 484, 487 (1st Cir. 1977).

To satisfy its burden under the FOIA without submitting undisclosed records for in camera inspection, "the agency must furnish a detailed description of the contents of the withheld material and of the reasons for nondisclosure, correlating specific FOIA exemptions with relevant portions of the withheld material." Orion Research, 615 F.2d at 553; see Church of Scientology, 30 F.3d at 231 ("[The agency] must supply a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." (internal quotation marks and emphasis omitted)). The agency's justification for the withholding must

5

be sufficient to give "'the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding.'" Church of Scientology, 30 F.3d at 231 (quoting Wiener v. FBI, 943 F.2d 972, 977-78 (9th Cir. 1991)).  If the agency's justification for the withholding is sufficient, the court "'need not go further to test the expertise of the agency, or to question its veracity when nothing appears to raise the issue of good faith.'"  Bell, 563 F.2d at 487 (quoting Weissman v. CIA, 565 F.2d 692, 697 (D.C. Cir. 1977)).

### III.  **ANALYSIS**

The FAA defends its decision to withhold the redacted information in the remaining twenty-six documents by invoking the deliberative process privilege and the attorney-client privilege, both protected under FOIA Exemption 5.  Sensor Systems objects to the motion, arguing that the FAA's latest Vaughn index and Hawthorne's declaration are too vague and conclusory to allow the court to meaningfully evaluate the

claimed exemptions.[3]  I consider each of the FAA's arguments in turn.

A.   **Deliberative Process Privilege**

The FAA claims the deliberative process privilege with respect to twenty-five redacted documents involving intra-agency email exchanges pertaining to implementation of the agency's December 2007 agreement with the Government of Bermuda.  In that agreement, the FAA agreed to loan equipment for a radar system upgrade at an airport in Bermuda.  The Government of Bermuda subsequently contracted with Sensor Systems to install and maintain the loaned equipment.  A review of the FAA's submissions shows that the agency has met its burden of proving that the privilege applies with respect to all but one document in this category.

---

[3] Sensor Systems also argues that the latest Vaughn index and declaration are suspect on their faces because the FAA's incremental release of previously withheld documents demonstrates a lack of good faith.  Courts have "'emphatically reject[ed]' the notion that an agency's disclosure of documents it had previously withheld renders its affidavits suspect." Meeropol v. Meese, 790 F.2d 942, 953 (D.C. Cir. 1986); see Shafmaster Fishing Co. v. United States, 814 F. Supp. 182, 185 (D.N.H. 1993) ("The fact that further disclosure occurred after plaintiff's initial request is not dispositive of the issue of the agency's bad faith.").

The First Circuit has held that a document must be both "predecisional" and "deliberative" to qualify for the deliberative process privilege. Providence Journal Co. v. U.S. Dep't of Army, 981 F.2d 552, 557 (1st Cir. 1992). A document is "predecisional" if the agency can (1) "pinpoint the specific agency decision to which the document correlates;" (2) "establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision;" and (3) "verify that the document precedes, in temporal sequence, the decision to which it relates." Id. (internal quotation marks and citations omitted). A document is "deliberative" if it: (1) "formed an essential link in a specified consultative process;" (2) "reflects the personal opinions of the writer rather than the policy of the agency;" and (3) "if released, would inaccurately reflect or prematurely disclose the views of the agency." Id. at 559 (internal quotation marks and alterations omitted).

The FAA's supplemental Vaughn index and Hawthorne's supporting declaration provide sufficient detail to enable me to determine that the redacted portions on twenty-four pages of responsive documents are entitled to nondisclosure based on the

8

deliberative process privilege.[4]  Vaughn document 100 is representative:

> E-mail exchange between FAA employees Carey Fagan and Rick Castaldo dated 3/27 and 3/30/09 regarding the prospects of creating a business development office in Bermuda.  Redacted portion of e-mail reveals FAA employees discussing the rules governing the establishment of a business development office for air traffic services, to which Bermuda may ultimately have been a customer and [Sensor Systems] may ultimately have competed to support.

Doc. No. 30-3 at 3.  The description clearly identifies the creation of a business development office in Bermuda as the contemplated agency decision.  The index entry also demonstrates that the redacted portions of the exchange involve "the mental processes of the agency in considering alternative courses of action prior to settling on a final plan," Nat'l Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1121-22 (9th Cir. 1988), as opposed to the agency's official policy on the subject.

With the exception of Vaughn document 269, the remaining index entries with respect to documents for which the FAA claims the deliberative process privilege provide similarly adequate justifications for nondisclosure.  In each instance, the FAA has

---

[4] Vaughn Doc. Nos. 9, 10, 23, 65, 71, 76, 77, 81, 99, 100, 103, 104, 107, 108, 109, 120, 121, 150-2, 154-5, 157, & 267.

identified both the contemplated agency decision or action that predated the document and the deliberative nature of the communication. Because the twenty-four redacted documents thereby meet the First Circuit's "deliberative document" test, the FAA is entitled to summary judgment with respect to those documents. See Prudential Journal, 981 F.2d at 559-560.

The FAA's submissions fail to satisfy the agency's burden with respect to Vaughn document 269. The document is an email dated June 29, 2009 from Hawthorne to FAA employee Mark Brady discussing the radar upgrade work. The FAA describes the redacted portions of the document as follows:

> Employee's second-hand account of the nature of technical issues with Bermuda to his Chief Operating Officer and Vice President for Business Services. The redaction specifically provides open, frank discussions at the direction of leadership in support of the FAA-imposed communication restrictions imposed in March 2009. Deliberative.

Doc. No. 30-3 at 5. In his declaration, Hawthorne elaborates that the redactions "concern my second-hand account of the nature of technical issues with Bermuda" in response to a request from his Chief Operating Officer "for an open, frank account of the issues underlying the FAA-imposed, Bermuda-related communication restrictions imposed in March 2009."

10

Hawthorne Decl. ¶ 16, Doc. No. 30-2.  In neither narrative has the FAA provided sufficient information to enable me to determine whether the email predated any sort of contemplated agency decision or action.  See Providence Journal, 981 F.2d at 557.  Its descriptions of the document merely suggest that the redactions concern a subordinate's account of past events to his superior.

Because the FAA has not identified a decision that correlates to the document, it has failed to satisfy the predecisional prong of the deliberative process privilege test.  See id.  In light of the fact that this is the second time the FAA has failed to satisfy its burden with respect to this document, I direct the agency to produce Vaughn document 269 for in-camera review.

**B.   Attorney-Client Privilege**

The FAA claims the attorney-client privilege with respect to Vaughn document 277, an email exchange between Hawthorne and FAA attorney Mark Bury.  Hawthorne's declaration provides sufficient facts to permit a conclusion that the privilege applies.

11

The attorney-client privilege "protects confidential communications made by a client to his attorney." Maine v. U.S. Dep't of the Interior, 298 F.3d 60, 70 (1st Cir. 2002). The First Circuit has explained that

> [t]he privilege also protects from disclosure documents provided by an attorney if the party asserting the privilege shows: (1) that he was or sought to be a client of the attorney; (2) that the attorney in connection with the document acted as a lawyer; (3) that the document relates to facts communicated for the purpose of securing a legal opinion, legal services or assistance in legal proceedings; and (4) that the privilege has not been waived.

Id. at 71 (internal quotation marks and alterations omitted). The agency asserting the privilege must explain in a non-conclusory fashion "how the documents claimed to be protected establish that they relate to a confidential client communication." Id. The agency cannot "assume[] that the requirement of client communicated confidentiality is satisfied merely because the documents are communications between a client and attorney." Id.; see Mead Data Cent., Inc. v. U.S. Dep't of the Air Force, 566 F.2d 242, 253 (D.C. Cir. 1977) ("The [attorney-client] privilege does not allow the withholding of documents simply because they are the product of an attorney-

client relationship . . . . It must also be demonstrated that the information is confidential.").

The FAA describes Vaughn document 277 as an email exchange between Hawthorne and FAA attorney Mark Bury and states that "[r]edacted portions concern a legal interpretation of a statement used on a document the FAA received from [Sensor Systems]." Although this description alone is insufficient to permit a conclusion that the attorney-client privilege applies, Hawthorne's declaration supplements the description as follows:

> Redactions to Vaughn document 277 concern a legal interpretation of a statement used on a document the FAA received from [Sensor Systems]. I requested FAA attorney Mark Bury's legal advice on how to handle [Sensor Systems'] cost data information. I was concerned if I somehow mishandled or disclosed it in a manner not authorized by [Sensor Systems] I could subject the FAA to legal liability. The e-mail was only sent to Mark Bury and was not shared with others.

Hawthorne Decl. ¶ 17, Doc. No. 30-2. Hawthorne's declaration thus makes it clear that the email was sent to an agency attorney for the purpose of obtaining legal advice. The fact that Hawthorne sent the email only to attorney Bury and did not share it with a third party supports an inference of confidentiality. See Maine, 298 F.3d at 72. There is no indication, moreover, that Hawthorne authorized attorney Bury to

13

disclose the communication to anyone else.  Although Sensor Systems speculates that attorney Bury may have disclosed contents of the communication to others, pure speculation is insufficient to demonstrate that the attorney-client privilege has been waived.  Because the FAA has met its burden in this instance, I grant its motion for summary judgment with respect to Vaughn document 277.

## IV.  CONCLUSION

For the aforementioned reasons, I grant the FAA's motion for summary judgment (Doc. No. 30) with respect to all remaining documents with the exception of Vaughn document 269.  I direct the agency to produce that document for in-camera review within 7 days from the date of this Memorandum and Order.  I also deny without prejudice Sensor Systems' request for attorneys' fees.  Sensor Systems shall not renew its request for fees until after I make a determination with respect to the remaining document.

SO ORDERED.

                                           /s/Paul Barbadoro
                                           Paul Barbadoro
                                           United States District Judge

May 11, 2012

cc:   G. Shepard Bingham, Esq.

14

Matthew A. Caffrey, Esq.
Michael T. McCormack, Esq.